## H. C. BRADSHAW ET UX. v. WESLEY SEATON.

Decided April 9, 1910.

**1.—Will—Contest—Undue Influence.**

Evidence reviewed and held sufficient not only to raise an issue of undue influence in the making of a will, but also sufficient to support a judgment denying the will probate on that ground. Justice Dunklin dissenting.

**2.—Deed—Certified Copy—Competent Evidence, When.**

When a certified copy of a deed of adoption had been used in evidence in the contest of a will in the County Court, it is admissible in evidence on appeal to the District Court without having been filed among the papers of the cause as required by the statute concerning certified copies as evidence.

**3.—Will—Undue Influence—Charge.**

In a contest of the probate of a will, the issue being undue influence *vel non,* the use of the word "fraudulent" in the charge of the court in connection with proponent's conduct, was not reversible error.

Appeal from the District Court of Taylor County. Tried below before Hon. Thos. L. Blanton.

*Ben L. Cox* and *Kearby & Kearby,* for appellant.—Declarations of a testator are not admissible as evidence that he was unduly influenced in making the will, nor as evidence of the truth of the facts stated by him, but only as external manifestations of his mental condition. Wetz v. Schneider, 96 S. W., 59; Kennedy v. Upshaw, 64 Texas, 411; Campbell v. Barrera, 32 S. W., 725; McIntosh v. Moore, 22 Texas Civ. App., 22; Morrison v. Thoman, 86 S. W., 1069; Morrison v. Thoman, 99 Texas, 248; Wetz v. Schneider, 34 Texas Civ. App., 200; Barry v. Graciette, 71 S. W., 309; Schouler on Wills, sec. 193; 11 Am. & Eng. Ency. Law (1st ed.), 156.

Undue influence is such influence as compels the testator to do that which is against his will, from fear, desire of peace, or some feeling which he is unable to resist. Such influence must in some measure destroy the free agency of the testator, and must be sufficient to prevent the exercise of that discretion which the law requires in the exercise of the will. Mere arguments, persuasions, solicitations, or entreaties by a beneficiary in a will are not that character of undue influence which is contemplated by law when speaking of undue influence. Franklin v. Boone, 39 Texas Civ. App., 597; Wetz v. Schneider, 96 S. W., 59, and authorities cited; Barry v. Graciette, 71 S. W., 309; Morrison v. Thoman, 99 Texas, 248; Hart v. Hart, 110 S. W., 91, and authorities there cited; 1 Underwood on Wills, sec. 125.

In order to establish that a will has been executed under undue influence it is necessary to show not only that such influence has been exercised, but also that it has produced an effect upon the mind of the testator, by which the will that he executes is not the expression of his own desires. The external facts constituting the exercise of undue influence must be established by other evidence than declarations of the testator. Such influence must amount to moral coercion. Wetz v. Schneider, 96 S. W., 59, and authorities there cited; Simon v. Middleton, 51 Texas Civ. App., 531.

That undue influence that will defeat a will must destroy the free agency of the testator and must operate on the mind of the testator at the very time of the making of the will. Herster v. Herster, 9 Am. St. Rep., 95; Trost v. Dingler, 4 Am. St. Rep., 593.

*Wagstaff & Davidson* and *J. H. Calhoun,* for appellee.

SPEER, ASSOCIATE JUSTICE.—H. C. Bradshaw and wife, Rosie Seaton Bradshaw, formerly Mrs. Rosie Seaton, sought to probate the last will and testament of J. B. Seaton, deceased, and Wesley Seaton, an adopted son of the said J. B. Seaton, contested the same on the ground that deceased was mentally incapable of making a will and

that he had been unduly influenced by the said Rosie Seaton Bradshaw. In the County Court the will was duly admitted to probate, but on appeal to the District Court upon a finding of a jury on special issues that the deceased had been unduly influenced by the proponent, Rosie Bradshaw, the will was denied probate. From this judgment the proponents have appealed.

The first and second assignments of error complain that there is no evidence to support the finding of the jury on the issue of undue influence, and the third complains that the court erred in submitting the issue at all, since it was not raised by the evidence. A majority of us overrule these assignments. It is not profitable to go into a long statement, but we will suffice it by saying that in our opinion there was sufficient evidence, both direct and circumstantial, not only to raise the issue, but to support the verdict and judgment affirming it. We reach this conclusion, too, independently of a consideration of the proved statements of the deceased himself. However, we are not sure that even these statements, bearing as they do on the deceased's state of mind, are not evidence in part at least on the issue of undue influence. Undoubtedly, a man whose mentality is seriously impaired is more susceptible of the influence of another than he otherwise would be. But as stated, independently of this consideration, we think the evidence is sufficient. There are the circumstances of the disparity of age between the parties, and her unseemly haste in marrying the deceased, who was shown to have some wealth, coming as she did from a distant State for the purpose of marrying him "if they suited;" there are also the circumstances that she uniformly accompanied the deceased wherever he went and transacted all his business for him; that she was instrumental in sending contestant, a boy of tender years, to a distant State; that the deceased loved the boy tenderly and wept when his absence was mentioned. It was proved by more than one witness that the proponent put into the deceased's mouth what he should say to R. L. Ferguson, a brother of the contestant, when he demanded the custody of the young boy; it was shown by any number of witnesses that during the last few years preceding the making of the will deceased's mind was seriously impaired, so much so that he could hardly recognize anyone with whom he talked. The will cut off the contestant with only twenty-five dollars. We make no effort to enumerate all the circumstances which induce our conclusion. Justice Dunklin, however, does not concur in this view and expresses the opinion that the issue of undue influence was not raised by the evidence.

We overrule the fifth assignment of error complaining that a certified copy of the deed of adoption of Wesley Ferguson was read in evidence over appellants' objection that the same had not been filed among the papers of the cause as required by statute, upon the court's explanation that the same had been used in the trial of the cause in the County Court. The ends of the statute had evidently been met by the use of the certified copy on the trial in the County Court prior to its introduction in evidence in the District Court.

We find no error in the sixth assignment complaining that the court improperly made use of the word "fraudulent" in connection

with proponent's conduct when the real issue was one of undue influence. No issue of fraud was submitted to the jury and no possible harm could have come to appellants in the matter referred to. Besides, undue influence is itself a species of legal fraud.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.